IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MONTGOMERY, II | ) | Case No. 5:25-cv-00758 |
| *Plaintiff*, | ) ) ) | JUDGE JOHN ADAMS |
| -vs- | ) ) ) | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| CITY OF AKRON, et al. | ) ) ) | |
| *Defendants*. | ) | |

Now come Defendants City of Akron and City Council of Akron, by and through undersigned counsel, and hereby move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. There exists no genuine dispute of material fact that prevents this Court from ruling that Defendants are entitled to judgment as a matter of law. Defendants submit the attached Memorandum in Support which is incorporated herein by reference.

Respectfully submitted,

Deborah S. Matz
DIRECTOR OF LAW

/s/ Kirsten L. Smith
Brian T. Angeloni (0083651)
DEPUTY DIRECTOR OF LAW
Brian D. Bremer (0087363)
Kirsten L. Smith (0099074)
ASSISTANT DIRECTORS OF LAW
172 S. Broadway Street, Suite 200
Akron, Ohio 44308
(330) 375-2030
(330) 375-2041 (fax)
bangeloni@akronohio.gov
bbremer@akronohio.gov
klsmith@akronohio.gov
*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

**INTRODUCTION**

Plaintiff Richard Montgomery, II filed this action against the City of Akron, City Council of Akron, and Council President Margo Sommerville[1] asserting that Akron City Council's public comment rule violates the First Amendment to the United States Constitution, Article I, Section 11 of the Ohio Constitution, and Ohio's Open Meeting's Act. (Complaint at ¶ 1, Doc #: 1-1). Council Rule 5.3 (the "Rule") governs speaking by non-City Council members and provides, in relevant part, "A public comment period will be held at each regularly scheduled Council meeting, where up to ten (10) members of the public may address Council on matters within Council's authority. No member of the public shall be permitted to address Council during the public comment period more than once every 30 days." (Complaint, Exhibit 1 at PageID #: 19). Pursuant to the Rule, Dr. Montgomery's request to speak during Council's public comment period at its January 27, 2025 meeting was denied because he had already spoken during public comment on January 13 and, therefore, could not do so again until February 12, 2025. (*Id.*, Exhibit 2 at PageID #: 8). Dr. Montgomery asserts that the Rule, "unlawfully restricts speech in a limited public forum." (Complaint at ¶ 1). He also asserts that the Rule violates Ohio's Open Meetings Act because it "impairs access to government meetings." (*Id.* at ¶ 4).

---

[1] To date, Councilwoman Sommerville has not been served, and, in fact, Dr. Montgomery specifically declined to serve her. *See* (Docket of Summit County C.P. No. CV-2025-03-1131) ("CLERK'S NOTE: PRO SE PLAINTIFF DID NOT WANT SERVICE UPON DEFENDANT MARGO SOMMERVILLE"). As such, she is not currently party to this action, but, in any case, it is clear from the Complaint that Dr. Montgomery sued her solely in her official capacity, which is equivalent to suing the City. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

1

Accepting Dr. Montgomery's allegations as true, the Defendants are entitled to judgment as a matter of law on all claims. In order to conduct efficient, orderly meetings during which Council can conduct City business and hear from as many of its constituents as possible, Council enacted the Rule, which places reasonable restrictions on speech in light of the purpose served by council meetings. The ten-speaker and 30-day limit components of the Rule are content neutral, advance the significant government interest of conducting efficient meetings, and leave open ample alternatives for members of the public to speak. Accordingly, Defendants are entitled to judgment as a matter of law on Dr. Montgomery's free speech claims.

Dr. Montgomery's Open Meetings Act (the "Act") claim also fails as a matter of law. The Act requires that meetings of a public body be open to the public; it does not guarantee public participation in meetings. And Dr. Montgomery does not allege, nor was he, denied access to a Council meeting.

Accordingly, there is no dispute of fact in this case and Defendants are entitled to judgment on the pleadings.

## LAW AND ARGUMENT

### I. Judgment on the Pleadings Standard

A party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party's pleadings must be taken as true, and the motion will be granted only if the moving party is nevertheless entitled to judgment. *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007), quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). However, the court is not required

2

to accept as true allegations of the pleadings that are legal conclusions or unwarranted factual inferences. *Winget* at 581-82. Judgment on the pleadings is appropriate when no material issue of fact exists and the moving party is entitled to judgment as a matter of law. *Id.* at 582. In order to survive a motion for judgment on the pleadings, a plaintiff must plead factual content that allows the court to draw reasonable inference that the defendants are liable for the alleged misconduct. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." *Id.*

## II. Akron City Council is not sui juris.

"A city council is not sui juris and therefore cannot be sued in its own right, absent statutory authority." *City of Cuyahoga Falls v. Robart*, 58 Ohio St. 3d 1, 6, 567 N.E.2d 987, 992 (1991). There is no dispute that Council cannot be sued in its own right on Dr. Montgomery's First Amendment and Ohio Constitution claims and, therefore, is entitled to judgment as a matter of law on those claims. *Gadd v. City of Warren*, No. 4:13cv1686, 2014 WL 7409749, *4 (N.D. Ohio Dec. 31, 2014). However, Council is a "public body" under the Open Meetings Act, and can be sued in their own right on Dr. Montgomery's Open Meetings Act claim. O.R.C. § 121.22(B)(1).

## III. City Council's Public Comment Rule is a permissible limitation on speech in a limited public forum.

"The right to free speech is not absolute, especially when a would-be speaker seeks access to government property as a platform for his speech." *Lowery v. Jefferson County Bd. of Educ.*, 586 F.3d 427, 432 (6th Cir. 2009). To determine the constitutionality

3

of a government restriction on speech, courts employ a three-step inquiry[2]: "(1) whether the speech is protected under the First Amendment; (2) what type of forum is at issue and, therefore, what constitutional standard applies; (3) whether the restriction on speech in question satisfies the constitutional standard for the forum." *Miller v. City of Cincinnati*, 622 F.3d 524, 533 (6th Cir. 2010). For the sole purpose of this Motion, Defendants will assume that the speech at issue in this case is protected under the First Amendment.

### A. An Akron City Council meeting is a limited public forum.

The Supreme Court recognizes three types of public fora: the traditional public forum, the designated public forum, and the limited public forum. *Miller* at 534, citing *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469-70. Dr. Montgomery correctly asserts that Akron City Council meetings are limited public forums. A limited public forum is one that is limited to use by certain groups or dedicated solely to the discussion of certain subjects. *Id.* at 534-35. Council has created a public forum which is dedicated solely to the discussion of certain subjects by permitting members of the public to "address Council on matters within Council's authority." (Complaint, Exhibit 1 at PageID #: 19). The government may restrict speech in a limited public forum so long as the restrictions do not discriminate on the basis of viewpoint and are reasonable in light of the purpose served by the forum. *Miller* at 535.

---

[2] Free speech rights under the Ohio Constitution are no broader than those guaranteed under the First Amendment to the United States Constitution. *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 709 N.E.2d 1148, 1152 (1999). Accordingly, Dr. Montgomery's claim that the Rule violates the Ohio Constitution is subject to the same analysis as his First Amendment claim.

**B. The Rule is a constitutional limitational on speech in a limited public forum.**

There is conflicting case law in the Sixth Circuit as to the appropriate level of scrutiny to apply when analyzing government restrictions on speech in limited public forums. In *Miller* and *Youkhanna v. City of Sterling Heights*, 934 F.3d 508 (6th Cir. 2019), the Sixth Circuit applied the lesser standard of scrutiny applicable to limited public forums. *Miller* at 535, quoting *Good News Club v. Milford Central Sch.*, 533 U.S. 98, 106-07 ("The government may restrict speech in a limited public forum as long as the restrictions do 'not discriminate against speech on the basis of viewpoint' and are 'reasonable in light of the purpose served by the forum.' "); *Youkhanna* at 518-19 (Defining a city council meeting as both a "designated" and "limited" public forum and applying the limited public forum scrutiny analysis). However, in other cases, the Court has defined city council meetings as both a designated and limited public forum and applied the stricter time, place, manner test to a challenged restriction on speech. *Lowery v. Jefferson Cty. Bd. of Educ.*, 586 F.3d 427, 432 (6th Cir. 2009) ("Within such a forum, the government may regulate the time, place and manner of speech[.]"); *Ison*, 3 F.4th at 893 (Applying time, place, manner test to content-neutral public comment rules). In both *Lowery* and *Ison*, the Sixth Circuit seemingly applied the time, place, manner analysis to content-neutral regulations on speech, and employed the lesser standard applicable to limited public forums in analyzing content-based restrictions. *See id.* This is inconsistent with Supreme Court precedent which clearly delineates a distinction between designated and limited public forums and the corresponding applicable level of scrutiny. As the Sixth Circuit recognized in *Miller*: "In *Summum,* the Supreme Court clarified that the designated public form and the limited public forum are distinct forum types and that restrictions on speech

5

in a limited public forum receive lesser scrutiny than those in a designated public forum." *Miller* at 535, fn. 1, citing *Summum* at 469-70. Regardless, the Rule is a permissible restriction on speech under either analysis.

### 1. The Rule is viewpoint neutral and reasonable in light of the purpose served by Council meetings.

"The necessities of confining a forum to the limited and legitimate purposes for which it was created may justify the State in reserving it for certain groups or for the discussion of certain topics." *Rosenberger v. Rector and Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995). Once a government has opened a limited forum, it must respect the lawful boundaries itself has set, and it may not exclude speech where its distinction is not reasonable in light of the purpose served by the forum, nor may it discriminate against speech on the basis of its viewpoint. *Id.*

Dr. Montgomery asserts that the Rule "unlawfully limits speech to ten (10) speakers per meeting and bans those speakers from participating for thirty (30 days) after speaking." (Complaint at ¶ 1). There is no dispute that the Rule is viewpoint neutral and Montgomery makes no allegation to the contrary. Rather, pursuant to the Rule, Dr. Montgomery's request to speak during Council's public comment period at its January 27, 2025 meeting was denied because he had already spoken during public comment on January 13 and, therefore, could not do so again until February 12, 2025. (*Id.*, Exhibit 2 at PageID #: 8). He was not denied the opportunity to speak based on his viewpoint, but because he had previously spoken within that 30-day period. The ten-speaker per meeting limit is also a viewpoint neutral limitation on speech, as it makes no distinction based on specific ideas or opinions; it solely limits the number of people who may participate in public comment during a Council meeting.

6

The Rule is also reasonable in light of the purpose served by the Forum. "Unstructured, chaotic * * * meetings not only would be inefficient but also could deny other citizens the chance to make their voices heard." *Lowery*, 586 F.3d at 433. By limiting public comment to ten speakers per meeting, Council is able to efficiently conduct its regularly scheduled meetings. Additionally, the 30-day limit allows Council to hear from as many of its constituents as possible. If Council did not limit speakers to participating in public comment once every 30-days, it would risk hearing from the same ten citizens every week and denying other citizens the chance to make their voices heard. *See id.*

Accordingly, the Rule is constitutionally viewpoint neutral and reasonable in light of the purpose served by the limited public forum. Defendants are entitled to judgment as a matter of law.

### 2. The Rule is a permissible time, place, manner restriction on speech.

A city council has wide leeway to regulate features of speech unrelated to its content through time, place, manner restrictions so long as the restrictions are narrowly tailored to serve a significant governmental interest and leave open ample alternative channels for communication. *Ison*, 3 F.4th at 893, quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). Both the ten-speaker and 30-day limits are content-neutral, and Dr. Montgomery does not assert otherwise. The Rule advances the significant government interest of conducting efficient, orderly meetings during which Council can conduct City business and hear from as many of its constituents as possible. *Accord. Lowery* at 433; see also *Ison* at 896.

Additionally, it is narrowly tailored to advance that interest. In order to be narrowly tailored, the Rule " 'need not be the least restrictive or least intrusive means' " of serving

7

the government's objective. *Lowery* at 433, quoting *Ward* at 781. Instead, Defendants need only establish that its interest would be achieved less effectively absent the Rule. *Ison* at 896, quoting *Ward* 799. The court may not invalidate a time, place, manner rule merely because it disagrees with Council on the most appropriate method for advancing its significant government interest, but a rule cannot burden substantially more speech than necessary. *Id.* Absent a ten-speaker per meeting limit, Council would be subjected to hours of public comments which would prevent them from addressing its other agenda items during its regularly scheduled meetings. The 30-day requirement is also narrowly tailored to advance Council's interest in conducting efficient meetings, as it allows Council to hear from a diverse group, and prevents others from being denied an opportunity to speak.

Finally, the Rule leaves open ample alternative channels for communication. Those who cannot speak at a particular meeting because ten others have already registered for public comment or because they have previously spoken during a 30-day period have ample alternative channels to communicate with Council members, either through their publicly displayed e-mail addresses and phone numbers[3] or at other City of Akron events. *Accord. Ison* at 896. And once the 30-day period has passed, an individual may once again register to speak during public comment. *See* (Complaint, Exhibit 2, PagedID #: 8).

---

[3] https://www.akroncitycouncil.org/members (last visited Apr. 22, 2025). Because City websites are public records under O.R.C. § 149.43, the Court may consider it in ruling on Defendants' Motion. *Accord. Dudel v. Thomas & Thomas Attorneys & Counselors at Law*, 702 F.Supp.2d 826, 832 (N.D. Ohio 2010).

Accordingly, the Rule is a constitutional time, place, manner restriction and Defendants are entitled to judgment as a matter of law on Dr. Montgomery's free speech claims under both the Federal and Ohio constitutions.

IV. **Open Meetings Act**

Dr. Montgomery also alleges that the Rule violates Ohio's Open Meetings Act because it "impairs public access to government meetings." (Complaint at ¶ 4). The Act provides that "all meetings of any public body are declared to be public meetings open to the public at all times." O.R.C. § 121.22(C). Dr. Montgomery incorrectly asserts, however, that the Act guarantees public participation in government meetings. (Complaint at ¶ 1). There exists no requirement under the Act that the public be permitted to participate in public meetings; meetings of a public body need only to be *open* to the public. O.R.C. § 121.22(C). Thus, Dr. Montgomery's assertion that he has the right to participate in public meetings under the Act is incorrect as a matter of law.

Additionally, the Rule does not prevent members of the public from accessing meetings. Those who do not wish to participate in public comment or cannot speak at a particular meeting pursuant to the Rule are still free to attend Council meetings. Council Rule 1.3 provides that "all meetings of Council and Council committees are declared to be public meetings open to the public at all times," (Complaint, Exhibit 1, Page ID#: 10) and Dr. Montgomery makes no assertion that he was unable to attend a Council meeting pursuant to the Rule.

Accordingly, there is no dispute of fact and Defendants are entitled to judgment as a matter of law on Dr. Montgomery's Open Meetings Act claim.

**CONCLUSION**

For the foregoing reasons, Dr. Montgomery's claims fail as a matter of law and Defendants are entitled to judgment on the pleadings.

    Respectfully submitted,

    Deborah S. Matz
    DIRECTOR OF LAW

    /s/ Kirsten L. Smith
    _____
    Brian T. Angeloni (0083651)
    DEPUTY DIRECTOR OF LAW
    Brian D. Bremer (0087363)
    Kirsten L. Smith (0099074)
    ASSISTANT DIRECTORS OF LAW
    172 S. Broadway Street, Suite 200
    Akron, Ohio 44308
    (330) 375-2030
    (330) 375-2041 (fax)
    bangeloni@akronohio.gov
    bbremer@akronohio.gov
    klsmith@akronohio.gov
    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Motion for Judgment on the Pleadings was filed electronically on May 2, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also sent via regular U.S. and electronic mail to:

Richard Montgomery, II
2073 E. 221st St.
Euclid, OH 44117
Drmontgomery2@outlook.com
*Plaintiff, pro se*

    /s/ Kirsten L. Smith
    Kirsten L. Smith (0099074)