IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MONTGOMERY, II | ) | Case No. 5:25-cv-00758 |
| | ) | |
| *Plaintiff*, | ) | JUDGE JOHN ADAMS |
| | ) | |
| -vs- | ) | **REPLY IN SUPPORT OF** |
| | ) | **DEFENDANTS' MOTION FOR** |
| CITY OF AKRON, et al. | ) | **JUDGMENT ON THE** |
| | ) | **PLEADINGS** |
| *Defendants*. | ) | |

Now come Defendants City of Akron and City Council of Akron, by and through undersigned counsel, and hereby submit their Reply in Support of Defendants' Motion for Judgment on the Pleadings. Defendants submit the attached Reply Memorandum.

Respectfully submitted,

Deborah S. Matz
DIRECTOR OF LAW

/s/ Kirsten L. Smith
Brian T. Angeloni (0083651)
DEPUTY DIRECTOR OF LAW
Brian D. Bremer (0087363)
Kirsten L. Smith (0099074)
ASSISTANT DIRECTORS OF LAW
172 S. Broadway Street, Suite 200
Akron, Ohio 44308
(330) 375-2030
(330) 375-2041 (fax)
bangeloni@akronohio.gov
bbremer@akronohio.gov
klsmith@akronohio.gov
*Attorneys for Defendants*

**REPLY MEMORANDUM**

**INTRODUCTION**

In his response opposing Defendants' Motion (Doc. #: 4), Plaintiff Richard Montgomery does not refute, or even address, the majority of Defendants' arguments in support of judgment on the pleadings. Instead, he improperly raises new allegations not contained in the Complaint and cites to state, rather than federal, pleading standards. (Response, Doc #: 5, at 2-3). Dr. Montgomery sets forth no response to Defendants' assertion that Akron City Council's rule governing public comment (the "Rule") is viewpoint neutral and reasonable in light of the purpose served by Council meetings. And although he baldly asserts that the Rule is "overbroad, arbitrary, and not narrowly tailored," Dr. Montgomery does not cite any legal authority to refute Defendants' argument that the Rule governing public comment is a reasonable time, place, manner restriction on speech. Finally, Dr. Montgomery does not respond at all to Defendants' argument that his Open Meetings Act claim fails as a matter of law.

Accordingly, there is no dispute of fact to be litigated in this case and Defendants are entitled to judgment on the pleadings on all of Dr. Montgomery's claims.

**LAW AND ARGUMENT**

**I.  The Complaint does not survive federal pleading standards.**

Dr. Montgomery cites to Ohio rather than federal law governing the standard for ruling on a motion for judgment on the pleadings. (Response at 2-3). However, "[t]he Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 438 (1974). "[F]ederal pleading standards apply to cases in federal court, even those removed from state court."

1

*Franke v. Norfolk Southern Railway Co.*, 2021 WL 3737913, *7 (N.D. Ohio Aug. 14, 2021). Although Dr. Montgomery is *pro se* and his pleading is liberally construed and held to a less stringent standard than formal pleadings drafted by counsel, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), a *pro se* complaint must still contain sufficient factual matter, when accepted as true, that states a claim to relief that is plausible on its face. *Smart v. Haupt*, 2015 WL 3540190, *2 (N.D. Ohio June 4, 2015) (quoting *Barnett v. Luttrell*, 414 Fed.App'x 784, 786 (6th Cir. 2011)).

Dr. Montgomery makes the following factual allegations in his Complaint: he attempted to speak at a Council meeting and was denied pursuant to the Rule because he had previously spoken during public comment within 30 days of requesting to do so. (Complaint at ¶ 3; Exh. 2). The remainder of his Complaint contains legal conclusions, which this Court is not required to accept as true. *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007). As Dr. Montgomery acknowledges in his Complaint, he was not denied the opportunity to speak during public comment because of his viewpoint or the content of his speech; he was denied in accordance with the 30-day component of the Rule, which allows Council to hear from as many of its constituents as possible while still conducting efficient, orderly meetings of City business. Thus, as argued fully in Defendants' Motion, the Rule is both viewpoint neutral in light of the purpose served by Council meetings and a content-neutral reasonable time, place, manner restriction on speech.

Accordingly, accepting the factual allegations in his Complaint as true, Dr. Montgomery can prove no set of facts entitling him to relief and Defendants are entitled

2

to judgment on the pleadings on his free speech claims under both the Federal and Ohio Constitutions.

## II. Dr. Montgomery improperly raises new allegations not contained in the complaint in his Response.

In opposing a motion for judgment on the pleadings, a plaintiff cannot ask the court to consider new allegations not contained in the complaint. *Bates v. Green Farms Condominium Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). In his Response, Dr. Montgomery raises several new allegations that are not in his Complaint: specifically, that he "has been denied the right to speak about public safety issues involving the Akron Police Department," that Council arbitrarily enforces the Rule and has a "selective tolerance of favored speakers," and that the Rule prevented citizens from speaking more than once while Council considered legislation related to police matters earlier this year[1]. (Response at 2-3). His Complaint, however, contains no allegations that he was denied the right to speak based on content, that Council selectively enforced the Rule, or that it prevents citizens from speaking more than once on a particular topic. Dr. Montgomery cannot ask the Court to consider these new allegations in opposing Defendants' Motion and, therefore, this Court must disregard them.

### Conclusion

Dr. Montgomery has failed to plead factual content that would allow this Court to draw a reasonable inference that Defendants are liable under the Federal and Ohio Constitutions or Ohio's Open Meetings Act. For the foregoing reasons and those asserted

---

[1] Even if the Court were to consider this allegation, it still leaves open ample alternatives for communication, as citizens could have spoken on these topics during January, February, and March pursuant to the Rule. Additionally, citizens are free to contact Council members outside of meetings via the phone numbers and email addresses posted on the Akron City Council Website. (*See* Motion at 8).

3

in Defendants' Motion, accepting the limited well-pleaded factual allegations contained in the Complaint as true, Defendants are entitled to judgment as a matter of law on all claims.

Respectfully submitted,

Deborah S. Matz
DIRECTOR OF LAW

/s/ Kirsten L. Smith
Brian T. Angeloni (0083651)
DEPUTY DIRECTOR OF LAW
Brian D. Bremer (0087363)
Kirsten L. Smith (0099074)
ASSISTANT DIRECTORS OF LAW
172 S. Broadway Street, Suite 200
Akron, Ohio 44308
(330) 375-2030
(330) 375-2041 (fax)
bangeloni@akronohio.gov
bbremer@akronohio.gov
klsmith@akronohio.gov
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Reply in Support of Motion for Judgment on the Pleadings was filed electronically on May 29, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also sent via regular U.S. and electronic mail to:

Richard Montgomery, II
2073 E. 221st St.
Euclid, OH 44117
Drmontgomery2@outlook.com
*Plaintiff, pro se*

                                            /s/ Kirsten L. Smith
                                            Kirsten L. Smith (0099074)